UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARDO PACHECO HERRERA,<br><br>    Plaintiff,<br><br> v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | Case No. CV 10-8994-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On November 22, 2010, Bernardo Pacheco Herrera ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits. The Commissioner filed an Answer to the Complaint on May 27, 2011. On July 29, 2011, the parties filed a Joint Stipulation ("JS").

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before the undersigned Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be affirmed and the case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 55 year old male who filed an application for Social Security Disability Insurance on January 22, 2008, alleging disability beginning January 1, 2005, due to bilateral carpal tunnel syndrome. (AR 44.) Plaintiff's claim was denied initially on April 8, 2008, and on reconsideration on July 29, 2008. (AR 44.) Plaintiff filed a timely request for a hearing, which was held on February 18, 2010, in West Los Angeles, California, before Administrative Law Judge ("ALJ") Joseph Lisiecki. (AR 44.) Plaintiff appeared and testified. (AR 44.) Claimant spoke through the assistance of a Spanish interpreter. (AR 44.) Vocational expert ("VE") Gregory S. Jones also appeared at the hearing. (AR 44.) Plaintiff was represented by counsel. (AR 44.) At the hearing, Plaintiff's alleged disability onset date was amended to May 20, 2006. (AR 44.)

The ALJ issued a decision denying benefits on February 22, 2010. (AR 44-52.) The Appeals Council denied Plaintiff's request for review on October 25, 2010. (AR 1-4.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, the issues Plaintiff raises as grounds for reversal and remand are as follows:

1. Whether the ALJ erred in the assessment of Plaintiff's limitations stemming from bilateral carpal tunnel syndrome.

2. Whether the ALJ erred in the credibility findings.

3. Whether the ALJ erred in relying on the vocational expert's response to an incomplete hypothetical question.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**THE SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d) (1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d 1273, 1290 (9th Cir. 1996). Third, the ALJ must determine whether the impairment is listed,

or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 416.920(e). RFC is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must account for all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since the alleged amended onset date of May 20, 2006. (AR 46.)

At step two, the ALJ found that Plaintiff has the medically determinable severe impairment of bilateral carpal tunnel syndrome. (AR 46.)

At step three, the ALJ determined that Claimant does not have an impairment or combination of impairments that meets or medically equals the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, Appendix 1. (AR 48.)

The ALJ then found that Claimant had the RFC to perform the full range of medium work. (AR 49.) In determining Plaintiff's RFC, the ALJ made an adverse credibility determination. (AR 49-50.)

At step four, the ALJ found that Plaintiff is capable of performing his past relevant work as a painter. (AR 51.)

Hence, the ALJ concluded that Plaintiff is not disabled within the meaning of the Social Security Act. (AR 52.)

## DISCUSSION

The ALJ decision must be affirmed. The ALJ properly discounted Plaintiff's credibility. The ALJ did not improperly reject the treating physician's opinion. The ALJ's hypothetical question to the VE was not incomplete. The ALJ decision is supported by substantial evidence and free of legal error.

**I.  THE ALJ PROPERLY DISCOUNTED PLAINTIFF'S CREDIBILITY**

At the hearing, Plaintiff testified that he is unable to work due to wrist and hand pain. (AR 49.) He claimed that he is unable to lift more than 5-10 pounds or stand more than 20-30 minutes due to leg pain. (AR 49.) He also reported to the Social Security Administration that hand swelling and numbness prevent him from performing manual work. (AR 49.)

The ALJ made an adverse credibility finding because: (1) objective medical evidence did not support Plaintiff's subjective statements; (2) Plaintiff has received only conservative medical treatment; (3) Plaintiff infrequently sought treatment; (4) Plaintiff's daily activities were inconsistent with his alleged condition; and (5) Plaintiff gave inconsistent statements. Plaintiff challenges the ALJ's adverse credibility determination but that determination is supported by substantial evidence.

**A.      Relevant Law**

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 & n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because it is unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's symptom testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. These findings must be "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit [the] claimant's testimony." Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002); see also Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

**B.      Analysis**

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable severe impairment of carpal tunnel syndrome reasonably could be expected to cause his alleged symptoms. (AR 49.) The ALJ, however, found that Claimant's statements regarding the intensity, persistence and limiting effects of these symptoms were "not credible" to the extent inconsistent with his RFC. (AR 49.) Because the ALJ did not make any finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence for discounting Plaintiff's credibility. Smolen, 80 F.3d at 1283-84. The ALJ did so.

First, the ALJ found that there was sparse documentation and objective medical evidence to support Plaintiff's claims of disabling pain. (AR 46.) An ALJ is entitled to consider whether there is a lack of objective medical evidence to corroborate a claimant's subjective symptoms, so long as it is not the only reason for discounting the claimant's credibility. Bunnell, 947 F.2d at 345. Here, the ALJ determined that "objective medical tests failed to show significant abnormalities." (AR 50.) More specifically, the ALJ found:

> All of the claimant's orthopedic tests, such as the Phalen's test and Finkelsteign's test, were negative. (Exhibit 9F/2). As noted above, a bilateral hand x-ray was unremarkable, as it revealed no arthritic changes or other significant findings. (Exhibit 2F/22). A bilateral hand x-ray in September 9, 2005 showed no fracture and well maintained joint spaces in each hand. (Exhibit 1F/26). An electroneuromyographic study revealed carpal tunnel syndrome moderate on the right and mild on the left. Although the right median SNAP demonstrated severely reduced amplitude and prolonged peak latency, the left median SNP demonstrated only a mildly reduced amplitude with normal peak latency and the right ulnar SNAP was normal. The right median F-wave response was normal and the right median CMAP exhibited only a mildly slowed conduction velocity and the left median and bilateral ulnar CMAPs were normal. (Exhibits 12F/4).

(AR 50.) A radiographic study of Plaintiff's hands also was unremarkable. (AR 239.) There were no neurological deficits in his hands and he was able to generate 30 pounds of force on the Hand Dynamometer. (AR 50.) Plaintiff does not dispute any of this evidence except to say that there was evidence in the record of carpal tunnel syndrome. The ALJ acknowledged the electroneuromyographic study that found moderate (right) to mild (left) carpal tunnel syndrome in each hand but concluded that the tests did not reveal "significant abnormalities." The ALJ's assessment is consistent with the medical opinions of Dr. Singh

and the State reviewing physician Dr. Darnofsky who, despite Plaintiff's carpal tunnel syndrome, assessed him as capable of doing medium work. (AR 47.) Plaintiff simply disagrees with the ALJ's interpretation of the evidence, which is reasonable and must be upheld. Thomas, 278 F.3d at 954 (where evidence susceptible to more than one interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld). The ALJ properly considered the lack of objective medical testing evidence as one factor in assessing Plaintiff's credibility. His finding is supported by substantial evidence.

Second, the ALJ found that Plaintiff had received only conservative treatment for his alleged impairments. (AR 49.) Evidence of conservative treatment is a proper basis for discounting a claimant's testimony regarding the severity of an impairment. Parra, 481 F.3d at 751. Here, the ALJ made the following determination:

> . . . there have been few significant findings. There is no indication the claimant has been referred for surgery or pain management for his reported complaints and no credible basis exists to support the degree of limited daily activities to which the claimant alleges he is able to engage. The claimant has not generally received the type of medical treatment one would expect for a totally disabled individual. Moreover, the claimant never sought or received treatment from a specialist. As discussed above, despite having wrist pain, the claimant denied any injections or surgeries to his wrists. (Exhibit 3F/1).

(AR 49-50.) Plaintiff offers the explanation that he lost his medical insurance in 2007, but that would not explain the failure to seek treatment before 2007. Plaintiff alleged his carpal tunnel syndrome began in 2005. (AR 115.) The Facey Medical Group medical records for 2005 to 2007 are extensive (AR 142-192), but mostly address other medical issues such as high cholesterol and impaired hearing. There are few references to carpal tunnel syndrome despite numerous doctor visits. The ALJ's finding is supported by substantial evidence.

Third, the ALJ found that Plaintiff had sought treatment infrequently. (AR 50.) An ALJ may consider the failure to seek treatment as a basis for finding a claimant's pain allegations are exaggerated. Orn, 495 F.3d at 638. Here, Plaintiff alleged that his carpal tunnel syndrome condition first began to affect his activities in January 2005 (AR 115), but the ALJ found that the record revealed infrequent trips to doctors before 2008 and few references to carpal tunnel syndrome. (AR 50.) Plaintiff's only response is the loss of medical insurance but, as noted above, this explanation is not supported by the record. The ALJ's finding is supported by substantial evidence.

Fourth, the ALJ found that Plaintiff's daily activities are inconsistent with his subjective symptoms and alleged limitations. (AR 50.) An ALJ properly may discount a claimant's credibility if his daily activities contradict his other testimony or demonstrate the capacity for work. Orn, 495 F.3d at 639; Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005) (upholding ALJ determination that daily activities detracted from plaintiff's credibility). Here, Plaintiff reported to Dr. Singh, an internal medicine consultant, that he "has problems with dressing, grooming and bathing himself. He is able to drive, do grocery shopping, cooking, dishes, laundry . . . " (AR 50, 215.) Plaintiff disagrees with the ALJ's interpretation of the evidence, but the ALJ's interpretation was reasonable and must be upheld. The ALJ's finding of inconsistent daily activities is supported by substantial evidence.

Fifth, the ALJ also noted, as a factor bearing negatively on Plaintiff's credibility, his inconsistent statements regarding leg pain. An ALJ in assessing credibility may weigh inconsistencies between the claimant's' testimony and his daily activities. Berry v. Astrue, 622 F.3d 1228, 1234 (9th Cir. 2010). At the hearing, Plaintiff claimed he has severe leg pain that requires him to sit down after 20-30 minutes. (AR 23-24, 50.) Yet in his Pain Questionnaire, he told the Social Security Administration he could walk up to three miles and stand up to eight hours at a time. (AR 116.) His disability reports claiming hand and wrist pain never mention leg pain. (AR 103-116.) The ALJ found sparse objective medical evidence to support Claimant's allegations of leg pain and no record of treatment for it. (AR

48.) Accordingly, the ALJ found Plaintiff's leg pain condition as non-severe. (AR 48.) Plaintiff attempts to discount his inconsistent statements about leg pain as not related to his disability claim for his carpal tunnel syndrome, but the inconsistent statements nevertheless bear on his credibility because they demonstrate a willingness to exaggerate. Smolen, 80 F.3d at 1284 (ALJ may rely on ordinary techniques of credibility evaluation including prior inconsistent statements or statements that are less than candid). The ALJ's finding that Plaintiff made inconsistent statements about his leg pain is supported by substantial evidence.

The ALJ's adverse credibility determination based on clear and convincing reasons is supported by substantial evidence.

## II. THE ALJ DID NOT IMPROPERLY REJECT THE TREATING PHYSICIAN'S OPINION

Plaintiff contends that the ALJ erred in his assessment of the limitations stemming from his carpal tunnel syndrome by improperly rejecting the opinion of Dr. Mun Chin, Plaintiff's treating physician. The Court disagrees.

Dr. Chin, in a medical source statement dated July 9, 2009, opined that Plaintiff's ability to lift and carry was limited to 10 pounds, and reaching, handling and fingering was limited to "occasionally." (AR 270-73.) Dr. Chin also opined that Plaintiff would miss work three times a month. (AR 51.) Dr. Chin's RFC limits Plaintiff to sedentary work and would render him disabled according to the VE. (AR 29-32.) The ALJ rejected the opinion of Dr. Chin because: (i) there was no substantive medical evidence or treatment notes from Dr. Chin to support his opinion; (2) the medical record, including objective tests, was not consistent with Dr. Chin's opinion; (3) Dr. Chin saw Plaintiff infrequently; and (4) Dr. Chin relied heavily on Plaintiff's subjective statements, which have been determined to lack credibility. The ALJ's findings are supported by substantial evidence.

### A. Relevant Law

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those

who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas, 278 F.3d at 957. Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B.  Analysis**

The ALJ rejected Dr. Chin's opinion for specific, legitimate reasons supported by substantial evidence.  First, the ALJ found that "the record does not contain detailed treatment notes from Dr. Chin or any reasons to support Dr. Chin's limited residual functional capacity." (AR 51.)  An ALJ may reject a treating physician's opinion if it is brief, conclusory, and unsupported by rationale or treatment notes or objective medical evidence.  Batson v. Comm'r, 359 F.3d 1190, 1195 n.3 (9th Cir. 2004) (treating physician treatment notes did not provide objective medical evidence of alleged limitations); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001); Thomas, 278 F.3d at 957; Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996) (ALJ properly rejected check box opinions that did not have any explanation or basis).[1]  Plaintiff does not dispute the lack of treatment notes or rationale for Dr. Chin's very short, summary, partly check-box RFC, but asserts that Dr. Chin's opinion is supported by records from San Fernando Health Center and Olive View Medical Center.  As already observed, these records contain few findings of significant abnormalities.  Plaintiff once again simply disputes the ALJ's interpretation of the evidence, which was not unreasonable.

Second, the ALJ found that "the record fails to reveal the type of significant clinical and laboratory abnormalities one would expect if the claimant were in fact disabled and Dr. Chin did not address this weakness." (AR 51.)  An ALJ may consider the lack of consistency between a treating physician's opinion and the medical record, including objective tests.  Batson, 359 F.3d at 1195 (ALJ may discount treating physician's opinion when "contradicted by other statements and assessments" of a claimant's medical condition).  The Court already has discussed the lack of corroborating objective tests of

---

[1] Plaintiff contends that the ALJ should have re-contacted Dr. Chin, but an ALJ's duty to develop the record further is triggered "only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001); Bayliss, 427 F.3d at 1217 (no duty to recontact where other evidence in record is adequate for ALJ to reach a disability determination).  Here, the record is not ambiguous or incomplete.  The ALJ properly relied on the opinions of Dr. Singh and Dr. Danofsky as discussed below, which constitute substantial evidence.

12

Plaintiff's alleged subjective symptoms. The ALJ properly gave greater weight to the opinions of Dr. Singh and Dr. Danofsky. (AR 51.) Thomas, 278 F.3d at 957 (ALJ may reject treating physician opinion by setting out a detailed and thorough summary of the conflicting clinical evidence.) Dr. Singh's March 19, 2008, examination showed mainly normal results in all areas, including the arms and hands. (AR 215-19.) Dr. Singh reported normal range of motion, a negative Tinel's test, normal sensation, and full motor strength in all muscle groups with no evidence of atrophy, tremors, or rigidity. (AR 215-19.) Both Dr. Singh and State agency physician Dr. Danofsky opined that Plaintiff could perform the full range of medium work. (AR 49, 219, 220-24.) Plaintiff challenges the opinion of non-examining, non-treating State reviewer Dr. Danofsky, but Dr. Danofsky's opinion constitutes substantial evidence because it is consistent with other independent medical evidence. Id. at 957.

Third, the ALJ found that the record reveals relatively infrequent treatment visits to Dr. Chin. (AR 51.) Plaintiff testified at hearing that he doesn't see Dr. Chin too often (AR 24), and Dr. Chin stated that he saw Plaintiff every two to three months. (AR 270.) Plaintiff did not dispute that his visits were infrequent. The ALJ reasonably concluded that visits of only 4 times a year was inconsistent with the severe limitations noted by Dr. Chin.

Fourth, the ALJ faulted Dr. Chin for relying on Claimant's subjective report of his limitations and symptoms, which have been discounted. This is an appropriate basis for rejecting a treating physician's opinion. Tonapetyan, 242 F.3d at 1148-49 (treating physician's opinion based on subjective complaints of claimant whose credibility has been discounted are properly disregarded); Morgan, 169 F.3d at 602 (same); Andrews, 53 F.3d at 1043 ("an opinion of disability premised to a large extent upon claimant's own accounts of his symptoms and limitations may be disregarded, once those complaints have been disregarded). Plaintiff barely addresses this issue, arguing that Dr. Chin's opinion also was based on his clinical findings. Yet, as already noted, Dr. Chin's RFC was short and conclusory and there are no treatment notes or rationale given for his severe limitations.

Where the evidence is in conflict, it is the ALJ's responsibility to resolve conflicts and ambiguities in the medical evidence. Andrews, 53 F.3d at 1039. The ALJ presented

specific, legitimate reasons supported by substantial evidence for discounting Dr. Chin's opinion.

### III. THE ALJ'S HYPOTHETICAL QUESTION TO THE VOCATIONAL EXPERT WAS NOT INCOMPLETE

Plaintiff's final argument is that the ALJ's hypothetical question to the VE (AR 29) was incomplete because it did not contain the limitations assessed by Dr. Chin. The ALJ, however, included in his hypothetical "all of the limitations that [he] found credible and supported by substantial evidence in the record." Bayliss, 427 F.3d at 1217-18. The ALJ was not required to include limitations that were not part of his findings and not supported by substantial evidence. Osenbrock v. Apfel, 240 F.3d 1157, 1164-65 (9th Cir. 2001) (ALJ "free to accept or reject restrictions in a hypothetical question that are not supported by substantial evidence"); Rollins, 261 F.3d at 857. This is true "even where there is conflicting evidence." Magallanes, 881 F.2d at 757.

In this case, the ALJ's hypothetical properly excluded Dr. Chin's restrictions that were rejected. There was no error.

### ORDER

IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is AFFIRMED and that this action is dismissed with prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: September 29, 2011         */s/ John E. McDermott*
                                    JOHN E. MCDERMOTT
                                  UNITED STATES MAGISTRATE JUDGE